UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

_____

CHRISTINE LANGLEY

      Plaintiffs,

 v.

MORTGAGE ACCESS CORP.
d/b/a WEICHERT FINANCIAL
SERVICES, DOVENMUEHLE
MORTGAGE, INC. JOHN DOES
I-X

      Defendants

_____

**Civil Action No. 2:21-cv-01029-KSH-CLW**

**ANSWER OF DEFENDANTS MORTGAGE ACCESS CORP. d/b/a WEICHERT FINANCIAL SERVICES & DOVENMUEHLE MORTGAGE, INC.**

Defendants Mortgage Access Corp. d/b/a Weichert Financial Services and Dovenmuehle Mortgage, Inc. ("Answering Defendants") respond to the Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Admitted as to Answering Defendants.

2. Admitted as to Answering Defendants.

## PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Answering Defendant has insufficient information with which to form a belief as to the veracity of this allegation, and Plaintiff is left to her proofs.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. It is admitted that the statements are n Weichert letterhead using a Dovenmuehle address. The balance of the allegations of this paragraph refer to written instruments which speak for

themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Denied.

24. The allegations of this paragraph refer to knowledge held solely by the Plaintiff, and Answering Defendants are without sufficient information to form a belief as to the truth of these allegations; to the extent any wrongdoing is implied as to Defendants' conduct, these allegations are denied.

25. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

26.	Denied.

27.	Denied.

28.	The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

29.	The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

30.	Denied.

31.	The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

32.	It is admitted that a second letter was sent by Plaintiff.  The balance of the allegations of this paragraph are denied.

33.	The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

34.	The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

35.	Denied.

36. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

37. Denied.

38. It is admitted that a letter was sent to Weichert dated August 27, 2020; the balance of the allegations of this paragraph are conclusions of law to which no responsive pleading is required.

39. Denied.

40. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

41. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

42. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

43. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

44. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

45. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

46. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

47. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

48. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

49. Denied.

    I. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

    II. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

    III. The allegations of this paragraph refer to knowledge held solely by the Plaintiff, and Answering Defendants are without sufficient information to form a belief as to the truth of

these allegations; to the extent any wrongdoing is implied as to Defendants' conduct, these allegations are denied.

      IV.      The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required.  To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

      V.      Denied.

50.      It is admitted that a representative was sent to the Subject Property to confirm occupancy. The balance of this allegation is denied.

51.      Denied.

52.      The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required.  To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

## COUNT I

53.      Defendants incorporate the responses to the prior allegations of the Complaint by reference, as if fully set forth herein.

54. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

55. Admitted.

56. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

57. Admitted

58. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

59. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

60. It is admitted that the address is a DMI address. The balance of the allegations of this paragraph are denied.

61. Admitted.

62. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

63. It is admitted that correspondence was received by the Defendants. The balance of the allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

64. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

65. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

66. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

67. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied. The balance of the allegations of this paragraph constitute conclusions of law, to which no responsive

pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

72.   The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

73.   The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

74.   Denied.

75.   Denied.

76. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

77. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

78. Denied.

79. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

80. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

## **COUNT II**

81. Defendants incorporate the responses to the prior allegations of the Complaint by reference, as if fully set forth herein.

82. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

83. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

84. Admitted.

85. Admitted.

86. Admitted.

87. It is admitted that DMI sent monthly statements to the Plaintiff in connection with the Subject Loan. The balance of the allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendants, such allegation is denied.

88. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

89. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

90. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

91. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

92. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

93. It is admitted that Defendant Dovenmuehle services loans on behalf of several companies. The balance of this allegation is denied.

94. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

95. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

96. The allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

97. Denied.

98. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

99. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. Further, the allegations of this paragraph refer to written instruments which speak for themselves. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

100. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

101. The allegations of this paragraph constitute conclusions of law, to which no responsive pleading is required. To the extent that this paragraph alleges any improper conduct by the Answering Defendant, such allegation is denied.

102. Denied.

## COUNT III

103. Defendants incorporate the responses to the prior allegations of the Complaint by reference, as if fully set forth herein.

104.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the actions of third parties. Defendants deny the balance of this allegation.

105.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of when and/or if Plaintiff "pulled her credit reporting file" on specific dates from specific providers. The balance of the allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

106.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of when and/or if Plaintiff "pulled her credit reporting file" on specific dates from specific providers. The balance of the allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

107.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation of when and/or if Plaintiff "pulled her credit reporting file" on specific dates from specific providers. The balance of the allegations of this paragraph refer to written instruments which speak for themselves; to the extent any wrongdoing is implied as to Defendant's conduct, this allegation is denied.

108.    Denied.

109. Denied.

110. Denied.

## DEMAND FOR TRIAL BY JURY

111. No responsive pleading is required.

WHEREFORE, Answering Defendants demand that the Complaint be dismissed with prejudice, and costs be assessed against the Plaintiffs.

## SEPARATE DEFENSES

Having answered the allegations of the Complaint and having denied any liability whatsoever, the Answering Defendants further deny any allegations that have not been expressly admitted, and assert the following separate defenses:

## FIRST SEPARATE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of estoppel.

Answering Defendants reserve the right to raise additional Separate Defenses as further facts and information becomes available.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice.

February 26, 2021

Robert F. Thomas, Esq. (5969)
018621993
PLUESE, BECKER, & SALTZMAN, LLC
20000 Horizon Way, Suite 900
Mt. Laurel, NJ 08054
(856) 813-1700
(856)813-1720 Facsimile
E-mail: rthomas@pbslaw.org